UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 14 2013
Clerk, U.S. District and
Bankruptcy Courts

AO 241
(Rev 10/07)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: OF COLUMBIA |
|---|---|
| Name (under which you were convicted): JUAN CARLOS OLIVO RAMIREZ | Docket or Case No.: |
| Place of Confinement: JOHNSTON CORRECTIONAL INSTITUTE | Prisoner No.: #1106832 |
| Petitioner (include the name under which you were convicted) UNITED STATES OF AMERICA UNITED STATES OF AMERICA U.S. DISTRICT COURT P.O. BOX 1708 GREENSBORO N.C. 27402 | v. Respondent (authorized person having custody of petitioner) JUAN CARLOS OLIVO RAMIREZ 1465 U.S. 70 WEST SMITHFIELD N.C. 27577 |
| The Attorney General of the State U.S.A. | |

COMPLAINT
PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   U.S. DISTRICT COURT - GREENSBORO N.C.

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):
   (b) Date of sentencing:

3. Length of sentence: LIFE

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case: FIRST DEGREE MURDER STATUTORY RAPE OF CHILD

Case: 1:13-cv-00901
Assigned To : Unassigned
Assign. Date : 6/14/2013
Description: Habeas Corpus/2255

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty         ☐ (4) Insanity plea

RECEIVED
MAY 23 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RECEIVED
Mail Room
MAY 23 2013
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

AO 241                                                                                                                                                                Page 3
(Rev. 10/07)

      (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

      (c) If you went to trial, what kind of trial did you have? (Check one)

          ☑ Jury     ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☑ Yes     ☐ No

8.   Did you appeal from the judgment of conviction?

      ☑ Yes     ☐ No

9.   If you did appeal, answer the following:

      (a) Name of court: **N.C. COURT OF APPEALS**

      (b) Docket or case number (if you know):

      (c) Result: **DENIED**

      (d) Date of result (if you know):

      (e) Citation to the case (if you know):

      (f) Grounds raised:

      (g) Did you seek further review by a higher state court?     ☑ Yes     ☐ No

          If yes, answer the following:

          (1) Name of court: **N.C. SUPREME COURT**

          (2) Docket or case number (if you know):

          (3) Result: **DISMISSED WITHOUT COMMENT**

          (4) Date of result (if you know):

AO 241 (Rev. 10/07)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised: ACTUAL INNOCENCE

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

AO 241                                               Page 5
(Rev. 10/07)

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐   Yes     ☐   No

        (7) Result:

        (8) Date of result (if you know):

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

AO 241 (Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☐ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: PETITIONER IS ACTUALLY INNOCENT OF FIRST DEGREE MURDER

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
PETITIONER TOOK KITCHEN KNIFE FOR SELF-DEFENSE WHEN HE WENT TO VICTIM'S NEW BOYFRIEND'S HOUSE TO BRING HER BACK HOME. VICTIM ENRAGED PETITIONER BY STATING NEW BOYFRIEND WAS BETTER IN BED THAN HIM, SO THEIR SON GOT A NEW DADDY. PETITIONER STABBED VICTIM OVER (14) TIMES LEAVING KNIFE IN HER CHEST. PETITIONER'S ACTIONS CONSTITUTE 2ND DEGREE MURDER BECAUSE KILLING WAS NOT PLANNED BY HIM. PROSECUTOR DID NOT PROVE BEYOND A REASONABLE DOUBT THAT THE PETITIONER PLANNED KILLING. PETITIONER DID CONTROVERT FIRST DEGREE MURDER CHARGE DURING HIS TESTIMONY. PETITIONER WAS A FIRST OFFENDER.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 10/07)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241     Page 8
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO: PETITIONER IS INNOCENT OF STATUTORY RAPE OF A CHILD.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): PETITIONER HAD CHILD BY THE VICTIM 2 YEARS OLD. VICTIM WAS 16 YEARS OLD AT HER DEATH.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

        (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☑ Yes    ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: INNOCENCE CLAIM

Name and location of the court where the motion or petition was filed: N.C. SUPREME COURT

Docket or case number (if you know):

Date of the court's decision:

AO 241                                                            Page 9
(Rev. 10/07)

      Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion or petition?     ☐ Yes   ☐ No

      (4) Did you appeal from the denial of your motion or petition?     ☐ Yes   ☐ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:

      Docket or case number (if you know):

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)       **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 10/07)  Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No
  (2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**
  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
      ☐ Yes  ☐ No
  (2) If your answer to Question (d)(1) is "Yes," state:
  Type of motion or petition:

AO 241 (Rev 10/07)

Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 10/07)                                                                                                           Page 13

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☐ Yes  ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241 (Rev. 10/07)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:
(c) Give the length of the other sentence:
(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 10/07)

Page 15

PETITIONER IS INNOCENT OF FIRST DEGREE MURDER, SO FAILURE TO REVIEW WOULD RESULT IN MISCARRIAGE OF JUSTICE.

PETITIONER IS INNOCENT OF STATUTORY RAPE OF A CHILD AND FAILURE TO REVIEW WOULD RESULT IN MISCARRIAGE OF JUSTICE.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241                          Page 16
(Rev. 10/07)

    (2)       The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **SET ASIDE FIRST DEGREE MURDER CONVICTION REMAND FOR EVIDENTIARY HEARING**

or any other relief to which petitioner may be entitled.

                              **PRO-SE**
                              Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on **MAY 11, 2013** (month, date, year).

Executed (signed) on **MAY 11, 2013** (date).

                              Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.